# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN SUE ANDERS, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-23-788-F |
| PETCO ANIMAL SUPPLIES STORES, INC., and WILLIAM WETZEL, individually, | ) |
| Defendants. | ) |

## ORDER

On March 13, 2023, plaintiff Carolyn Sue Anders (Anders) was injured when she tripped and fell over a display feature at a store in Lawton, Oklahoma, owned by defendant Petco Animal Supplies Stores, Inc. (Petco). She filed suit in the District Court of Comanche County on July 31, 2023, alleging claims of negligence against Petco and defendant William Wetzel (Wetzel), an employee of Petco. On August 17, 2023, Wetzel, appearing *pro se*, filed an answer stating that he had not been manager of the Petco store for two years, and had been on a leave of absence from the store since November 26, 2022.

Anders served her petition and summons on Petco on August 7, 2023. On September 6, 2023, Petco and Wetzel removed the action to this court, claiming the court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Wetzel, who, like Anders, is an Oklahoma citizen, was fraudulently joined as a defendant to the action, and his citizenship may be disregarded for purposes of

diversity jurisdiction.[1]  Petco and Wetzel are represented by the same counsel and an amended answer was thereafter filed on behalf of Wetzel.

Anders has moved to remand the action to state court, arguing that Wetzel submitted to state court jurisdiction by filing his answer and that Wetzel is a proper party to the lawsuit.

"Generally, a defendant waives removal 'by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.'"  City of Albuquerque v. Soto Enterprises, Inc., 864 F.3d 1089, 1098 (10th Cir. 2017) (quoting PR Grp., LLC v. Windmill Int'l, Ltd., 792 F.3d 1025, 1026-27 (8th Cir. 2015)).  However, an answer filed in state court does not result in a waiver.  *Id*. (citing Rule 81(c)(2), Fed. R. Civ. P.).  Consequently, Wetzel's filing of his *pro se* answer did not waive the right to removal.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quotation marks, citation and alteration omitted).

Defendants rely upon the second prong of the fraudulent joinder test—inability to establish a cause of action against Wetzel in state court.  Consequently, defendants "must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.'"  Brazell v. Waite, 525 Fed. Appx. 878, 881 (10th Cir. 2013) (quoting unpublished decision as persuasive pursuant to 10th Cir. R. 32.1(A)) (internal quotation marks and citations omitted).  "The objective, however,

---

[1] According to the record, Petco is a Delaware corporation with its principal place of business in San Diego, California.  *See*, doc. no. 1, ¶ 6 and doc. no. 1-2, ¶ 2.

is not pre-try the merits of the plaintiff's claims." *Id*. But the court is not "compelled to believe whatever the plaintiff says in [her petition]." *Id*. "Rather, 'upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id*. (quoting Smoot v. Chicago, R.I. & P.R. Co., 378 F.2d 879, 881-882 (10th Cir. 1967)).

In response to Anders' motion, defendants contend that Anders has no viable cause of action for negligence against Wetzel because he owed no duty of care to Anders. They submit an affidavit by Wetzel averring that he has "been on leave of absence [from the Petco store] due to a medical disability since November 26th, 2022." Doc. no. 12-1, ¶ 1. He also avers that "[p]rior to November 26th, 2022, [he] worked for Petco as an assistant manager" and that he has "not been employed by Petco as the store manager for over two years." *Id*., ¶ 2. Also, Wetzel avers that he has "not been inside the Petco [store] . . . since November 26th, 2022." *Id*., ¶ 3. He additionally avers that he has "been shown photos of the area where the Plaintiff fell," and he "was in no way responsible for the condition of the area" or "the placement of the pallets or product stocked on the pallets in that area" and that the "store set up in the area where plaintiff fell was not the same as it was when [he] last worked in the store in November, 2022." *Id*., ¶ 4. Further, Wetzel avers that it is his understanding that his "duties as assistant store manager are being handled by other Petco employees." *Id*., ¶ 6.

Anders has not replied to defendants' response and has not requested the court allow her to engage in jurisdictional discovery. In her motion, Anders relies upon her allegations in her petition. She also submits a copy of information obtained, prior to filing suit, from a background check performed on the Petco store, which she contends indicates that Wetzel was the general manager, and a copy of Wetzel's LinkedIn account, which she contends shows that he was the general manager of

3

Petco.  The court notes that the information provided from the background check indicates that Wetzel is one of 2 "*prior* employees found[.]"  Doc. no. 7-1, ECF p. 4 (emphasis added).  While the LinkedIn account shows Wetzel as the "General Manger" of Petco from January 2012 to the present, it does not show that he has ever posted anything, and he has no followers. The account does not support a possibility that Wetzel was the general manager of the Petco store at the relevant time, and, therefore, could have had responsibility for the display feature over which Anders tripped and fell.

Mindful that "all factual and legal issues must be resolved in favor" of Anders, *see*, Dutcher, 733 F.3d at 988 (quotations marks and citation omitted), and that the fraudulent joinder issue "must be capable of summary determination and be proven with complete certainty," *see*, Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964), the court concludes that defendants have satisfied their heavy burden of proving fraudulent joinder.  The court concludes that defendants have shown that Anders has no cause of action against Wetzel for negligence.

Because the court determines that Wetzel was fraudulently joined, the court must dismiss him from the case without prejudice.  *See*, Brazell, 525 Fed. Appx. at 884.

For the reasons stated, Plaintiff's Motion to Remand (doc. no. 7) is **DENIED**. Defendant William Wetzel is **DISMISSED WITHOUT PREJUDICE**.

DATED this 31st day of October, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0788p002.docx