## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN SUE ANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-23-788-F |
| | ) | |
| PETCO ANIMAL SUPPLIES STORES, INC., a foreign for-profit business corporation, WILLIAM WETZEL, individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        December 1, 2023

Appearing for Plaintiff:    Kayla Petsch, OBA #33039
Grant Gibson, OBA #33513
PARRISH DEVAUGHN, PLLC
3601 N Classen
Oklahoma City, OK 73118
405-444-4444
405-232-0058 (f)
Kayla@parrishdevaughn.com
Grant@parrishdevaughn.com
***Attorney for Plaintiff***

Appearing for Defendants:  J. Mark McAlester, OBA #18104

Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671
Fax: 405.235.5247
jmmcalester@fentonlaw.com
***Attorneys for Defendants***

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1

1.    **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff's statement** – This case arises out of a trip and fall incident that occurred on or about March 13, 2023, at or near 223 NW 2nd Street Lawton, OK 73507-7018.

On or about March 23, 2023, Plaintiff was an invitee at Defendant's premises located at 223 NW 2nd Street Lawton, OK 73507-7018. Plaintiff entered the premises with the intention of purchasing goods. While Plaintiff was walking in the store, Plaintiff tripped and fell over an unsafe display feature.

Plaintiff asserts Defendant knew or should have known of the hazardous and dangerous condition created by the unsafe display feature and should have been aware that such would foreseeably cause personal injuries to persons on its premises, and that Defendant Petco Animal Supplies Stores Inc. is vicariously liable for the negligence. Plaintiff alleges that they have suffered personal injuries because of the incident and seeks compensatory damages and punitive damages.

**Defendant's statement** –

Petco is a foreign corporation, operating a retail location in Lawton, Oklahoma.  Plaintiff entered the Petco store in Lawton, Oklahoma on March 23, 2023.  While inside the store location, Plaintiff attempted to climb over a pallet stacked with products.  The large display was clearly open and obvious, and plaintiff's attempt to squeeze through/climb over the display constituted an assumption of an open and obvious risk/known danger.  There is video surveillance footage of the incident, which provides indisputable evidence that the display was open and obvious to plaintiff.  There was nothing in the nature of a "hidden danger, trap, snare, or pitfall" as required by Oklahoma law in order to state a cause of action for premises liability.

2.    **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

a.   Plaintiff:      Plaintiff believes the General Manager of Defendant Petco is a proper party to the action, however discovery is required to ascertain who was the acting General Manager at the time of the incident. The acting manager of Defendant Petco is likely a resident of the state in which he/she was working. Thus, the action would lack diversity jurisdiction pursuant to, 28 U.S.C. §1332(a) and 1441, and the district Court for Comanche County, Oklahoma would be the proper venue.

b.   Defendant:    Diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiff has alleged she is a citizen and resident of the State of Oklahoma.  Petco is a foreign corporation with

its principal place of business located outside the State of Oklahoma. Plaintiff has alleged more than the jurisdictional minimum of $75,000.00 in damages, and therefore the amount in controversy requirement is satisfied. Plaintiff previously filed a Motion to Remand the case to Oklahoma State Court, which Motion was denied by this Court on October 31, 2023 [Doc. No. 15].

3.   **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. Plaintiff is a resident of Comanche County, state of Oklahoma.
   2. Defendant, Petco Animal Supplies Store, Inc., is a foreign for-profit business, doing business as Petco in the State of Oklahoma.
   3. Plaintiff fell in Petco on March 13, 2023.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.   <u>Plaintiff</u>:   Plaintiff contends that Defendant knew or should have known of the danger presented by the unsafe display feature. The location of Plaintiff's fall appears to be a pathway that could foreseeably cause personal injuries to persons on its premises. It appears from the video of the incident, that Defendant was using the display feature with products stacked on top of it as a mechanism to create a pathway to the cash register. However, a path sized area of the display feature was void of product and appeared as a pathway to Plaintiff. The area should have been filled with product or roped off to make clear that the area was not to be traversed by customers. Defendant failed to warn Plaintiff of the dangerous condition created by the display feature and was negligent as a result of its inaction. Defendant as the inviter, owed Plaintiff, the invitee, the duty of reasonable care. Defendant had a duty to exercise reasonable care to keep the premises in a safe condition for the reception of its invitees, such as Plaintiff, and failed to do so. As a result of Defendant's failure to exercise reasonable care, Plaintiff sustained significant injuries as a result of tripping on the display feature. The acts and/or omissions of Defendant were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

   b.   <u>Defendant</u>:

   1.   Plaintiff's Petition fails to state a claim upon which relief can be granted in favor of Plaintiff and against Petco, whether for actual or punitive damages.  Plaintiff's

claims for punitive damages violate Petco's rights under the Oklahoma Constitution and the United States Constitution.

2.      No negligence by any employee or agent of Petco caused or contributed to the cause of Plaintiff's alleged injuries or damages.

3.      The condition of the premises was open and obvious, thereby barring Plaintiff's claim.

4.      Plaintiff's alleged injuries and damages, if any, were the result of the sole and/or contributory negligence of the Plaintiff.

5.      Plaintiff's claim is barred by the assumption of risk doctrine.

6.      Petco neither owed nor breached any duty of care to the Plaintiff.

7.      Any recoverable damages for medical expenses are limited by 12 O.S. §3009.1.

8.      Plaintiff's alleged injuries and damages, if any, were pre-existing and/or caused by other occurrences or conditions.

9.      Defendant, William Wetzel is an improper party Defendant and has been fraudulently joined in this action to attempt to defeat diversity jurisdiction.

10.      Petco denies that the Plaintiff has been injured or damaged to the extent alleged by Plaintiff and asserts that Plaintiff has failed to mitigate her alleged damages.

11.      Petco reserves the right to assert additional affirmative defenses as revealed in discovery.

5.   **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
     Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

     □ Yes  X No

6.   **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

     a.  <u>Plaintiff</u>:   Motions in Limine are anticipated
     b.  <u>Defendant</u>:   Motions in Limine and Motion for Summary Judgement.

7.   **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   Yes    X No

     If "no," by what date will they be made?
     .  December 15, 2023.

8.   **PLAN FOR DISCOVERY**.

     A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 15, 2023.

     B.   The parties anticipate that discovery should be completed within <u>9</u> months.

     C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  <u>5</u> months.

     D.   Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

          X Yes □ No

     E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

          X Yes □ No

          To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert

claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

Defendant requests a protective order to manage production of any documents that are considered to be confidential and/or proprietary in nature.  Defendant will provide a proposed agreed protective order for the Court's consideration.

F.     Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9.     **ESTIMATED TRIAL TIME**: <u>1 – 3 days</u>.

10.    **BIFURCATION REQUESTED:** □ Yes  X No

11.    **POSSIBILITY OF SETTLEMENT**:    □ Good    X Fair     □ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.     Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    □ No

B.     The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
□ Judicial Settlement Conference
X Other <u>  Private Mediation                              </u>
□ None - the parties do not request ADR at this time.

13.    <u>Parties consent to trial by Magistrate Judge</u>?  □ Yes     X No

14.    <u>Type of Scheduling Order Requested</u>. X Standard -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 28th day of November, 2023.

s/Kayla Petsch
Kayla Petsch, OBA #33039
Grant Gibson, OBA #33513
PARRISH DEVAUGHN, PLLC
3601 N Classen
Oklahoma City, OK 73118
405-444-4444/ 405-232-0058 (f)
Kayla@parrishdevaughn.com
Grant@parrishdevaughn.com
***Attorneys for Plaintiff***

s/Mark McAlester
J. Mark McAlester, OBA #18104
Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671/  Fax: 405.235.5247
jmmcalester@fentonlaw.com
***Attorneys for Defendants***