IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN SUE ANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-23-788-F |
| ) | |
| PETCO ANIMAL SUPPLIES ) | |
| STORES, INC., and WILLIAM ) | |
| WETZEL, individually, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Carolyn Sue Anders (Anders) commenced this negligence action to recover damages for personal injuries sustained when "she tripped and fell over an unsafe display feature" at a store in Lawton, Oklahoma, owned by defendant Petco Animal Supplies Stores, Inc. (Petco).[1]  Anders claims Petco failed to exercise reasonable care in keeping its premises in a safe condition for invitees, like herself, and failed to warn her of the dangerous condition created by the unsafe display feature.

Pursuant to Rule 56, Federal Rules of Civil Procedure, Petco has moved for summary judgment regarding Anders' claims.  Doc. no. 19.  Anders has responded, opposing summary judgment.  Doc. no. 22.  Petco has replied.  Doc. no. 23.  Upon due consideration, the court concludes the motion should be denied.

---

[1] Anders originally filed the action in state court.  Petco and William Wetzel (Wetzel) removed the action to this court, claiming the court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Wetzel who, like Anders, is an Oklahoma citizen, was fraudulently joined as a defendant, and his citizenship may be disregarded for purposes of diversity jurisdiction.  Anders moved for remand of the action to state court.  The court denied the motion and dismissed Wetzel without prejudice.  *See*, doc. no. 15.

Petco contends that Anders cannot establish her negligence claims because it owed no duty to Anders. According to Petco, a surveillance camera, capturing Anders' fall, and photographs, taken after the fall, reveal the alleged unsafe display feature was an open and obvious condition. Petco contends that there was nothing deceptively dangerous about the display, and it did not have "superior knowledge" of the danger.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. The court concludes that Petco has not met that showing.

To prevail on a negligence claim, a plaintiff must prove three elements: "(1) existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." Scott v. Archon Group, L.P., 191 P.3d 1207, 1211 (Okla. 2008). Only the first element is at issue.

Under Oklahoma law, a business owner such as Petco owes business invitees, such as Anders, "a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." Phelps v. Hotel Management, Inc., 925 P.2d 891, 893 (Okla. 1996). The basis of this duty is "the owner's superior knowledge of the danger." Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 69 (Okla. Civ. App. 1993). However, the owner's duty only "extends to hidden dangers, traps, snares, pitfalls, and the like that are not known to the invitee." Phelps, 925 P.2d at 893. It does not extend to "dangers which are so apparent and readily observable that one would reasonably expect them to be discovered." Scott, 191 P.3d at 1212. In other words,

Case 5:23-cv-00788-F   Document 24   Filed 04/08/24   Page 3 of 5

it does not extend to "open and obvious dangers." Williams v. Tulsa Motels, 958 P.2d 1282, 1284 (Okla. 1998).

The Oklahoma Supreme Court has "rejected the open and obvious defense' in a number of cases where the condition or defect was visible but unseen by the plaintiff." Sholer v. ERC Mgmt. Grp., LLC, 256 P.3d 38, 43 (Okla. 2011). As stated by the Court,

> A danger need not be totally or partially obscured from vision or withdrawn from sight to be considered hidden. Rather, it may encompass a condition presenting a deceptively innocent appearance of safety, cloaking a reality of danger. It may also arise from circumstances diverting the plaintiff's attention from the danger. Therefore, not every "observable" condition is "open and obvious" as a matter of law. Whether harm from an open and obvious defect may be actionable depends on an objective due care standard, *i.e.*, whether under similar circumstances a prudent person would be able to see the defect and avoid being injured. Nevertheless, it is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact. What would normally be considered an open and obvious danger may become a latent defect because of the conditions existing at the time of injury.

*Id*. at 43–44 (footnotes omitted).

The court has reviewed the video and photographs, the only evidence proffered by defendant, in support of its motion. Having reviewed that evidence in a light most favorable to the plaintiff, the court cannot conclude that the condition which caused Anders to fall was "open and obvious" as a matter of law.

The video, viewed in Anders' favor, shows that she placed merchandise on the cash register counter. At the time, no store employee was present. Anders retrieved a credit or debit card from her purse to pay for the merchandise. Shortly

3

thereafter, she turned behind her and to her left appearing to look for an employee so she could pay for the merchandise. She then turned to her right and started walking, appearing to continue to look to her left for an employee. On her left side was a long display of store merchandise resting on black pallets. Anders appears to be looking over the merchandise, presumably for a store employee, while continuing to walk. She came to a portion of the display which had no store merchandise resting on a pallet. She turned her body in the direction facing the pallet, still looking up. She took a step with her right foot, then a step with her left foot, and then lifted her left foot up to step onto the pallet and tripped and fell. The video does not show, at the time of Anders' fall, where Anders was looking. Photographs of the pallets, provided by defendant, show the top portion of the pallets is slightly longer than the bottom portion, resulting in a slight overhang.

Viewing the evidence in a light most favorable to Anders, the court concludes that a question of fact exists as to the issue of openness and obviousness of the danger. Although the black pallet Anders was trying to cross was observable, a reasonable juror could find that Anders tripped because her right foot became caught underneath the top portion of the black pallet. A reasonable juror could find the top portion of the black pallet presented a deceptively innocent appearance of safety, cloaking a reality of danger. In addition, a reasonable juror could also find that Anders' attention may have been diverted from the condition because she was looking for a store employee. "[A]n otherwise observable condition may be considered a hidden or latent condition because of the presence of 'circumstances diverting the plaintiff's attention.'" Martinez v. Angel Exploration, LLC, 798 F.3d 968, 977 (10th Cir. 2015) (quoting Sholer, 256 P.3d at 43, and citing Roper v. Mercy

Health Ctr., 903 P.2d 314, 314-315 (Okla. 1995); Spirgis v. Circle K Stores, Inc., 743 P.2d 682, 685 (Okla. Civ. App. 1987)).[2]

In sum, the court concludes that the openness and obviousness of the danger cannot be decided as a matter of law.  Rather, it is a question for the trier of fact.  Summary judgment is therefore not appropriate.

Accordingly, Defendant Petco Animal Supplies Stores, Inc.'s Motion for Summary Judgment (doc. no. 19) is **DENIED**.

DATED this 8th day of April, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0788p003.docx

---

[2] The court notes that although the video has been plaintiff's best friend in getting past summary judgment, it may be her worst enemy at trial.  There is more than a passing chance that a reasonable juror could look at the video and conclude that plaintiff should have been watching where she was going.