# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN SUE ANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CIV-23-788-F |
| | ) |
| PETCO ANIMAL SUPPLIES STORES, INC., a foreign for-profit business corporation | ) ) ) ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO QUASH, OR OTHERWISE LIMIT, PLAINTIFF'S SECOND AMENDED NOTICE OF CORPORATE REPRESENTATIVE DEPOSITION, AND TO PRECLUDE HARASSING, OVERBROAD, AND IRRELEVANT DEPOSITION TOPICS AND <u>MOTION FOR PROTECTIVE ORDER</u>

COMES NOW Defendant Petco Animal Supplies Stores, Inc., ("Petco"), and pursuant to the Federal Rules of Civil Procedure Rules 45 (d)(3) 26 (c)(1) and 26 (c)(1), submits its Motion to Quash Plaintiff's Second Amended Notice of Video Deposition of Defendant Petco Animal Supplies Stores, Inc.'s Corporate Representative(s) (hereinafter "Plaintiff's Notice"). This action involves a premises liability claim arising from Plaintiff's trip and fall at the Petco store located in Lawton, Oklahoma. The entire incident was captured on store surveillance camera and there is no dispute as to how the accident occurred (the video of the incident was previously filed of record, [See Doc. No. 12-2]).

Plaintiff's Notice seeks to compel testimony from a corporate representative regarding seven (7) separate categories, with a total of fifty-seven (57) topics of testimony.

1

Petco has engaged in good faith efforts to identify witnesses to respond to Plaintiff's Notice and would state that it will require a minimum of five (5) separate corporate witnesses, who are located in multiple states (Oklahoma, Texas - 3, and Florida).

As a result, Plaintiff's Notice is harassing, overly broad and seeks to compel testimony on wholly irrelevant, as well as proprietary, information. Consequently, Petco respectfully requests that the Court quash Plaintiff's Notice, or as more fully set forth below, limit the Notice, or alternatively, enter a Protective Order preventing the requested discovery.

In further support of this Motion, Petco states as follows:

### BACKGROUND FACTS

1. On March 13, 2023, Plaintiff visited the Petco store located in Lawton, Oklahoma. (Pl.'s Pet. ¶ 7) (attached hereto as Exhibit "1").

2. While inside the Petco store, Plaintiff alleges that "she tripped and fell over an unsafe display feature." (Pl.'s Pet. ¶ 9) (attached hereto as Exhibit "1").

3. On July 31, 2023, Plaintiff filed suit against Petco in the District Court of Comanche County in Oklahoma. Plaintiff's suit alleged negligence as the cause of action against Petco based on premises liability. (See Exhibit "1").

4. On September 6, 2023, Petco filed Notice of Removal in the United States District Court for the Western District of Oklahoma. [Doc. No. 1].

5. Petco filed its answer in the United States District Court for the Western District of Oklahoma on September 25, 2023. [Doc. No. 2].

6. On January 19, 2024, Petco filed a Motion for Summary Judgment, which the Court denied on April 8, 2024, concluding that a question of fact existed as to the issue of openness and obviousness of the danger created by the Petco's merchandise display pallet. [See Documents No. 19 and 24].

7. On May 10, 2024, the parties submitted a Joint Motion for Entry of Protective Order. The Protective Order governs the disclosure of confidential information. [Doc. No. 27].

8. The Court entered an Agreed Protective Order on May 13, 2024. [Doc. No. 28].

9. On June 3, 2024, Plaintiff served *Plaintiff's Notice of Video Deposition of Defendant Petco Animal Supplies Stores, Inc.'s Corporate Representative(s)*. (See Exhibit "2" attached hereto).

10. On June 17, 2024, Plaintiff served *Plaintiff's Second Amended Notice of Video Deposition of Defendant Petco Animal Supplies Stores, Inc.'s Corporate Representative(s)* (hereinafter referred to as "Notice"). (See Exhibit "3" attached hereto).

11. Plaintiff's Notice seeks to compel Petco to identify corporate representatives to testify concerning information that is irrelevant, proprietary, overly broad, and harassing in nature.

12. Petco has identified the topics contained in the Deposition Notice to which it objects in an email sent to Plaintiff on June 5, 2024. (See Exhibit "4" attached hereto).

13. Counsel for Plaintiff and Petco had multiple follow-up calls to discuss the scope of the Notice, and Petco ultimately served counsel for Plaintiff a detailed list of topics

about which Petco would agree to present a corporate representative to testify, and those topics to which Petco objected, along with the basis for the objection. (See Exhibit "5" attached hereto).

14. Petco and Plaintiff's counsel have spent weeks attempting to resolve the issue of the topics in Plaintiff's Notice. The Parties have been unable to reach an agreement on the appropriate topics and limitations.

15. Counsel for Petco and Plaintiff have had multiple good faith conferences in an effort to resolve the issues pertaining to the scope of the Notice but have not been able to reach a resolution.

16. Petco has advised Plaintiff of the objection to the requested deposition topics, and Plaintiff counsel has confirmed that Plaintiff is not agreeable to withdrawing or otherwise limiting the Notice.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 45 (d)(3)(A)(iii), "on timely motion, the court . . . must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies." It is well-settled "that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." In *re Capuccio*, 558 B.R. 930, 933 (W.D. Okla. Oct. 3, 2016). The party seeking to quash a notice of deposition must show "good cause" for the requested protective order. *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

Under Fed. R. Civ. P. 26(c)(1),

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure of discovery;
> . . .
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope disclosure or discovery to certain matters;

Based on the foregoing and as set forth herein, Petco respectfully requests that the Court quash Plaintiff's improper Notice to Petco's corporate representative or, alternatively, or enter a protective order limiting the areas or topics to be covered in any such deposition.

## ARGUMENT AND AUTHORITIES

**I.  Plaintiff's Deposition Notice to Petco's Corporate Representative Improperly Seeks Testimony that is Harassing in Nature, Overbroad, and Irrelevant.**

Plaintiff's Deposition Notice improperly seeks testimony that Petco has identified to Plaintiff's counsel as harassing overbroad, and irrelevant.

Courts in the Tenth Circuit have found that topics are improper and harassing when the topics sought in a Rule 30(b)(6) deposition notice request discovery on topics that are "unrelated" to the case. *Mar v. City of Wichita*, 2021 U.S. Dist. LEXIS 130480, at 17 (D. Kan. July 13, 2021). Also, the Alabama Middle District Court held in *Baine v. General Motors Corp.*, that Fed. R. Civ. P. 26 allows courts to "limit discovery . . . where the discovery sought is 'obtainable from some other source that is more convenient, less

5

burdensome, or less expensive.'" *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *quoting* Fed. R. Civ. P. 26(b)(1).

> The *Baine* Court held that Rule 26(b) gives the court power to regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporations and to the executive. . . .

*Folwell v. Hernandez*, 210 F.R.D. at 518-19 (M.D.N.C. 2002). Put another way, courts have the discretion and authority to limit discovery that is harassing in nature when the information that is sought can be obtained in a less burdensome manner.

Federal courts have found that requested topics in a Rule 30(b)(6) deposition notice were overbroad because such topics were not limited to the areas relevant to the matter. *Anaheim Gardens v. United States*, 125 Fed. Cl. 88, 2016 U.S. Claims LEXIS 49. In *Anaheim Gardens v. United States*, the defendant "moved for a protective order, arguing that plaintiff's requests were vague, overly broad, and sought testimony about irrelevant subject and time periods." *Gardens v. United States*, 125 Fed. Cl. 88, at 95, 2016 U.S. Claims LEXIS 49. The court concluded that because the topics sought were so overbroad they were irrelevant to the case's issues. *Id*.

The Tenth Circuit, in *Boughton v. Cotter Corp.*, upheld the district court's ruling granting a protective order to prevent the deposition of counsel, reasoning that the plaintiff did not explore the relevant topics with other witnesses who were deposed and did not seek to support their claims through other sources. *Boughton v. Cotter Corp.*, 65 F.3d 823, 830-831 (10th Cir. 1995). To the extent that a "[t]opic [] has little, if any, relevance to [a] case" the court may determine that the burden placed upon the producing party "is significant"

6

and therefore "the burden and the expense of the discovery outweighs its likely benefit." *Dorough v. Gov't Emples. Ins. Co.*, 2017 U.S. Dist. LEXIS 231732, at 7, (D. Colo. 2017).

Where proposed topics are harassing, overbroad, and/or irrelevant, the Court has the discretion to limit or quash such topics.

**II.     The Below Topics are Objectionable Because They are Harassing, Overbroad, and/or Irrelevant to the Case.**

Topics "2", "4", and "6" from Category I "Management Structure" are objectionable because they are overboard. The Topics improperly seek testimony that has no bearing on the issue in Plaintiff's alleged trip and fall. Petco requests that these Topics be limited to maintenance and repair because testimony regarding security and improvements for the Petco store located at 223 NW 2nd Street, Lawton, OK 73507 ("Property") is overbroad for a trip and fall case and will not result in relevant testimony.

Topic "3" under Category I "Management Structure" is irrelevant because the ownership is not relevant to Plaintiff's claims. Additionally, the ownership interest is unknown to Petco, as Petco is merely a tenant of the property.

Topic "7" under Category I "Management Structure" is irrelevant because management information for Petco's finances and operations is not relevant to Plaintiff's slip and fall claim. Additionally, this Topic is overbroad, burdensome, and constitutes harassment. Topic "7" also seeks confidential and proprietary information.

Plaintiff has requested that Petco answer six (6) Topics under Plaintiff's Category II, "Helmsman Management Services". The Topics concerning Helmsman are not relevant to Plaintiff's slip and fall claim and seek confidential, proprietary information and is also

overly broad, burdensome harassment of a non-party. For those reasons, Petco requests that the Court quash the Topics 1-6 under the "Helmsman Management Services" category of Plaintiff's Deposition Notice.

Topic "1" under Category III "Risk Analysis and Decisions" is overbroad and irrelevant because given the nature of the subject of the case, the Topic should be limited to trip/slip and falls. Testimony regarding other patron injuries on the property is overbroad and irrelevant.

Topics "2 - 6" under Category III "Risk Analysis and Decisions" are overly broad as they seek nationwide information and are not limited to the location in question and are also not limited in time or scope. Additionally, Petco objects to Topics "3 – 6" to the extent Plaintiff seeks information regarding a third party.

Topics "7" and "8" of Category III "Risk Analysis and Decisions" are overbroad because they seek information beyond the relevant timeframe. Petco requests that these Topics be limited to the relevant timeframe for the accident.

Topics "10 – 16" of Category III "Risk Analysis and Decisions" are objectionable because they are overly broad and not limited in time or scope. Such Topics are also vague and ambiguous. Additionally, Topic "16" is harassing as well in that it asks Petco to answer a question that carries negative implications about Petco's safety practices.

Topic "17" under Category III "Risk Analysis and Decisions" is overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope. Additionally, Petco finds this Topic to be harassing.

Topics "21" and "26" under Category III "Risk Analysis and Decisions" are objectionable because they are overly broad, harassing, and argumentative. Topic "26" is also not limited in time or scope.

Topic "22" under Category III "Risk Analysis and Decisions" is overbroad because it seeks testimony that will go beyond the issue in this case. Petco requests that Topic "22" be limited to floor inspections at the Property. Inspections beyond this limitation are overbroad.

Topic "23" under Category III "Risk Analysis and Decisions" is overbroad because it seeks information beyond the Property. Petco requests that this Topic be limited to policies for the Property and safety procedure related to customer trips/falls.

Topic "24" under Category III "Risk Analysis and Decisions" is overbroad because it seeks information relating to store policies beyond the Property where the alleged accident occurred. Petco requests that this Topic be limited to policies and procedures for customer safety related trips and falls at this Property, for the time frame involving the accident.

Topic "6" under Category IV "Video Surveillance" is objectionable because it is not limited in scope and seeks information from a third Party. Topic "6" also seeks information generated in anticipation of litigation, protected by attorney-client privilege and/or work product doctrine. Petco also asserts that Topic "6" is harassing in nature.

Topic "7" under Category IV "Video Surveillance" is irrelevant because the video has been previously provided to Plaintiff.

Plaintiff's effort to depose Petco's Corporate Representative on topics that are harassing, overbroad, and irrelevant is highly improper and should not be permitted.

### III. The Court should Issue a Protective Order with Respect to Plaintiff's Improper Deposition Notice Topics to Petco's Corporate Representative

For the foregoing reasons, Petco respectfully requests that the Court enter a Protective order with respect to Plaintiff's improper Rule 30 (b)(6) deposition topics.

Pursuant to Fed. R. Civ. P. 26(c)(1),

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure of discovery;
> . . .
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope disclosure or discovery to certain matters;

As discussed above, Plaintiff's deposition notice to Petco's Corporate Representative is improper for multiple reasons. Therefore, based on Rule 26(c), Petco respectfully requests that the Court quash the deposition notice or, alternatively, enter a protective order forbidding the discovery.

  /s/ J. Mark McAlester
J. Mark McAlester, OBA #18104
Michael S. McMillin, OBA #12404
Sidney H. Jones, OBA #35650
Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671/ Fax: 405.235.5247
E-mail: jmmcalester@fentonlaw.com
E-mail: msmcmillin@fentonlaw.com
**ATTORNEYS FOR DEFENDANT,**
**PETCO ANIMAL SUPPLIES STORES, INC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June 2024, a true and correct copy of the above and foregoing document was either e-mailed or deposited in the U.S. Mail, postage prepaid to:

Kayla R. Petsch, Esq.
L. Grant Gibson
PARRISH DEVAUGHN, PLLC
3601 N. Classen Boulevard
Oklahoma City, OK 73118
e-mail: kayla@parrishdevaughn.com
e-mail: grant@parrishdevaughn.com
**ATTORNEYS FOR PLAINTIFF**

/s/ J. Mark McAlester