# Mark McAlester

| | |
|---|---|
| **From:** | Mark McAlester |
| **Sent:** | Monday, June 10, 2024 11:14 AM |
| **To:** | Kayla Petsch |
| **Cc:** | Denise Abston; Janet Tribble |
| **Subject:** | Anders v Petco |
| **Attachments:** | DOC 12-7 PHOTOGRAPH.pdf; DOC 12-6 PHOTOGRAPH.pdf; DOC 12-5 PHOTOGRAPH.pdf; DOC 12-4 PHOTOGRAPH.pdf; DOC 12-3 PHOTOGRAPH.pdf; DEF 337-344.pdf |

Kayla,

To follow up on our call of last week, attached is supplemental document production you had requested in the screenshot you had emailed (see docs numbered 337-344). Also, I have attached the photos that were attached to the prior pleading. Hopefully these are better quality than the filed copy version.

In regard plaintiff's deposition notice, I spoke with the current manager of the store regarding the proposed June 26 deposition date and he is checking to make sure he can be available on that date. Concerning the specific topic contained in the notice, I have identified witnesses who can discuss the following:

**I. Management Structure**

(1), (4 – limit to maintenance and repair) - The witness for these topics is located in Oklahoma

**III. Risk and Analysis**

(1 – limit to trip/slip and falls), (9 – limited to the Lawton store for customer injuries ) – The witness for these two topics is located in Oklahoma, (18), (19), (20), (22 – limited to inspections relating to customer safety) – The witness for these 4 topics is located in Texas, (23 – limited to policies for this store and "safety procedures" related to customer trips/falls), (24 – limited to policies and procedures for customer safety related trips and falls, at this store, for the time frame involving the accident) – The witness for these 2 topics is located in Oklahoma

**IV. Video Surveillance**

(1), (2), (3) – The witness for these two topics is located in Oklahoma, (4), (5)  - The witness for these two topics is located in Texas

**V. Investigation**

(1), (2), (3), (4), (5) – The witness for these five topics is located in Florida, (6) - The witness for this topic is located in Oklahoma, (7) – The witness for this topic is located in Florida, (8) – The witness for this topic is located in Oklahoma

**VI. Product Placement**

(1 – limited to the time frame immediately preceding the incident) – The witness for this topic is located in Florida



1

I am working to locate a representative to testify regarding the following topics (I anticipate that the witness(es) for these topics will likely be located in Texas and will let you know once confirmed):

**I.      Management Structure**

(2) and (6 – limited to maintenance and repair)

**III. Risk and Analysis**

(7 – limited to relevant time frame for accident), (8 - limited to relevant time frame for accident)

**IV. Video Surveillance**

(7 – relevance as the video has been previously produced)

**V. Investigation**

(9)

Petco continues its objection to the following topics and will not be presenting a representative to testify concerning the below items. Per our prior call and emails, it is my understanding plaintiff is not agreeable to withdrawing these topics.  Please let me know if this remains plaintiff's position, or if plaintiff is agreeable to withdrawing these items from the Notice:

**I. Management Structure**

(3) – The ownership interest in the property is unknown to Petco as Petco is merely a tenant of the property.  Additionally, the ownership is not relevant to plaintiff's claims.
(4) – Management information for Petco's finances and operations is not relevant to Plaintiff's slip and fall claim, and is overly broad, burdensome, and constitutes harassment.  It also seeks confidential and proprietary information.
(7) - Management information for Petco's finances and operations is not relevant to Plaintiff's slip and fall claim, and is overly broad, burdensome, and constitutes harassment.  It also seeks confidential and proprietary information.

**II. Helmsman Management**

Topics concerning Helmsman are not relevant to plaintiff's slip and fall claim and seeks confidential, proprietary information, and also is overly broad, burdensome and harassment of a non-party.

**III. Risk and Analysis**

(2) – overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope.
(3) - overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope.  Petco also objects to the extent plaintiff seeks information regarding a third party.
(4) - overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope. Petco also objects to the extent plaintiff seeks information regarding a third party.

      (5) - overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope. Petco also objects to the extent plaintiff seeks information regarding a third party.

      (6) - overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope. Petco also objects to the extent plaintiff seeks information regarding a third party.

      (10) – overly broad and not limited in time or scope.  Also vague and ambiguous.

      (11) - overly broad and not limited in time or scope.  Also vague and ambiguous.

      (12) - overly broad and not limited in time or scope.  Also vague and ambiguous.

      (13) - overly broad and not limited in time or scope.  Also vague and ambiguous.

      (14) - overly broad and not limited in time or scope.  Also vague and ambiguous.

      (15) - overly broad and not limited in time or scope.  Also vague and ambiguous.

      (16) - overly broad and not limited in time or scope.  Also vague and ambiguous and harassing.

      (17) - overly broad as it seeks nationwide information and is not limited to the location in question and is also not limited in time or scope. Harassing.

      (21) – overly broad, harassing and argumentative.

      (26) -  – overly broad, harassing and argumentative.  Also not limited in time or scope.

## IV.  Video Surveillance

      (6) – not limited in scope and seeks information from third party.  Seeks information generated in anticipation of litigation, protected by attorney- client privilege and/or work product doctrines.  Harassing.